# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JACQUELINE NELSON-BURKE,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.:** 21-603 |
| **TK ELEVATOR CORPORATION F.K.A.** | § | |
| **THYSSENKRUPP ELEVATOR** | § | |
| **CORPORATION AND, WHITE** | § | |
| **LODGING CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendants White Lodging Corporation ("WLC") and TK Elevator Corporation, formerly known as ThyssenKrupp Elevator Corporation ("TKE") (WLC and TKE are collectively referred to as "Defendants"), file this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully show the Court the following:

### *Procedural Background*

1.        On or about June 4, 2021, Plaintiff filed Plaintiff's Original Petition in the matter styled *Jacqueline Nelson-Burke v. TK Elevator Corporation f/k/a Thyssenkrupp Elevator Corporation and White Lodging Corporation;* Cause No. D-1-GN-21-002622; in the 200th Judicial District Court of Travis County, Texas, in which Plaintiff makes a claim for personal injuries as a result of an elevator incident that occurred on June 24, 2019.  WLC received the citation and petition on June 10, 2021. TKE received the citation and petition on June 8, 2021.

Defendants file this Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b).

2.      Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Travis County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders, and a copy of Defendants' Original Answers. Attached hereto as Exhibit "C" is the Designation of Counsel.

### *Basis for Removal*

3.      Removal is proper under 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship.

4.      Plaintiff is, and was at the time the lawsuit was filed, a citizen of the State of New Jersey. *See* Plaintiff's Original Petition, page 1.

5.      WLC is a citizen of the State of Indiana for diversity purposes as it is incorporated in Indiana and its principal place of business is in Indiana.

6.      TKE is a citizen of Delaware and Georgia for diversity purposes as it is incorporated in Delaware and its principal place of business is in Georgia.

7.      The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiff's Original Petition clearly states that Plaintiff seeks damages in excess of $1,000,000.00. *See* Plaintiff's Original Petition, Paragraph 6 under Jurisdiction and Venue. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### *The Removal is Procedurally Correct*

8.      WLC was first served with the petition on June 10, 2021. TKE received the citation and petition on June 8, 2021. Defendants file this Notice of Removal within the 30-day

time period required by 28 U.S.C. §1446(b).

9.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

10.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

11.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendants file this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

12.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Travis County promptly after Defendants file this Notice.

13.     Pursuant to 28 U.S.C. §1446, Defendants join in and consent to this removal.

Respectfully submitted,

THOMPSON COE COUSINS & IRONS, LLP

By: /s/ *David A. McFarland*
        David A. McFarland
        Texas State Bar No. 00791223
        Tim Headley
        Texas State Bar No. 24007334

700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Fax: (214) 871-8209
dmcfarland@thompsoncoe.com
theadley@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**
**WHITE LODGING CORPORATION**

MAYER LLP

By: /s/ *Alan L. Rucker*
     Alan L. Rucker
     Texas State Bar No. 00788330

750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
Fax: (214) 379-6939
arucker@mayerllp.com

**ATTORNEYS FOR DEFENDANT
TK ELEVATOR CORPORATION F.K.A
THYSSENKRUPP ELEVATOR
CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that on the 7th day of July, 2021, a true and correct copy of the foregoing was served on Plaintiff's counsel of record by electronic notice and/or certified mail return receipt requested:

William G. Rossick
THE CARLSON LAW FIRM, P.C.
11606 North Interstate Highway 35
Austin, TX 78753
Phone: (512) 346-5688
Fax: (512) 719-4362
Email: wrossick@carlsonattorneys.com
**Counsel for Plaintiff**

     /s/ *Tim Headley*
     David A. McFarland
     Tim Headley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JACQUELINE NELSON-BURKE,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.:** |
| **TK ELEVATOR CORPORATION F.K.A.** | § | |
| **THYSSENKRUPP ELEVATOR** | § | |
| **CORPORATION AND, WHITE LODGING** | § | |
| **CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

## INDEX OF MATTERS BEING FILED

---

Pursuant to Local Rule 81, of the United States District Court for the Western District of Texas, the following is an index of matters being filed in this case:

1. Exhibit B: A copy of the Travis County District Clerk's file for this case, including:

   a. Docket Sheet

   b. Plaintiff's Original Petition

   c. Issued Citation to TK Elevator Corporation;

   d. Issued Citation to White Lodging Services Corporation;

   e. Executed Return of Service of TK Elevator Corporation;

   f. Executed Return of Service of White Lodging Services Corporation; and

   g. Defendant White Lodging Corporation's Original Answer, Jury Demand and Request for Disclosure.

   h. Defendant TK Elevator Corporation F.K.A. Thyssenkrupp Elevator Corporation's Original Answer to Plaintiff's Original Petition





Civil Court Fees and Fines

# Online Case Information

Loading Online Case Information...

## Details
**Updated : Wednesday, July 7, 2021 4:35:06 AM**

New Search (/OnlineCaseInformationWeb/)      Request Documents (https://www.traviscountytx.gov/district-clerk/records-request)

|  |  |
|---|---|
| **Cause Number** | D-1-GN-21-002622 |
| **Case Status** | PENDING |
| **Style** | NELSON BURKE V TL ELEVATOR |
| **Filed Date** | 6/4/2021 |
| **Hearing Date** | -- |

| Attorney | Type | Full/Business Name | First Name | Middle Name | Last Name |
|---|---|---|---|---|---|
|  | DEFENDANT | TK ELEVATOR CORPORATION |  |  |  |
| ROSSICK WILLIAM G. | PLAINTIFF |  | JASCQUELINE |  | NELSON BURKE |
| MCFARLAND DAVID ADAIR | DEFENDANT | WHITE LODGING SERVICES CORPORATION |  |  |  |

| Event Date | Party Type | Description |
|---|---|---|
| 6/23/2021 | DF | ANSWER/RESPONSE |
| 6/15/2021 | DF | EXECUTED SERVICE |
| 6/9/2021 | DF | EXECUTED SERVICE |
| 6/7/2021 | DF | ISS:CITATION |
| 6/7/2021 | DF | ISS:CITATION |
| 6/4/2021 | PL | ORIGINAL PETITION/APPLICATION |

New Search (/OnlineCaseInformationWeb/)



TAX RATE: TRAVIS COUNTY ADOPTED A TAX RATE THAT WILL RAISE MORE TAXES FOR MAINTENANCE AND OPERATIONS THAN LAST YEAR'S TAX RATE. THE TAX RATE WILL EFFECTIVELY BE RAISED BY 3.6 PERCENT AND WILL RAISE TAXES FOR MAINTENANCE AND OPERATIONS ON A $100,000 HOME BY APPROXIMATELY $11.00.



EXHIBIT
B

6/4/2021 8:25 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-002622
Victoria Benavides

CAUSE NO. <u>D-1-GN-21-002622</u>

| | | |
|---|---|---|
| JACQUELINE NELSON-BURKE | § | IN THE DISTRICT COURT |
| _Plaintiff_ | § | |
| | § | |
| vs. | § | |
| | § | |
| TK ELEVATOR CORPORATION f.k.a. | § | of TRAVIS COUNTY, TEXAS |
| THYSSENKRUPP ELEVATOR | § | |
| CORPORATION and, | § | |
| WHITE LODGING CORPORATION | § | |
| _Defendants_ | § | 200TH  JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, JACQUELINE NELSON-BURKE, Plaintiff, complaining of Defendants, TK ELEVATOR CORPORATION (formerly known as "THYSSENKRUPP ELEVATOR CORPORATION") and WHITE LODGING CORPORATION and for cause of action shows:

### A. Discovery Plan

1.    Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.1, Plaintiff intends to conduct discovery in this case under Level 3 as prescribed by TEXAS RULE OF CIVIL PROCEDURE 190.4.

### B. Parties

2.    JACQUELINE NELSON-BURKE, Plaintiff, is an individual who resides in Essex County, New Jersey.

3.    Defendant, TK ELEVATOR CORPORATION, formerly known as THYSSENKRUPP ELEVATOR CORPORATION, is a foreign corporation duly organized and existing pursuant to the laws of the State of Delaware, is registered to do business in Texas, and

may be served at its registered agent: The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant, WHITE LODGING SERVICES CORPORATION, is a foreign corporation duly organized and existing pursuant to the laws of Indiana and may be served at its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### C. Jurisdiction and Venue

5.      As a general matter, Plaintiff's counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. The damages sought by Plaintiff in this case won't be measured by a specific dollar amount as much as they are based on the collective wisdom of a jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages. The jury will also be reminded of the value that we as free people of the United States of America place on human life and our right to be free from pain and suffering and to pursue happiness however we see fit.

6.      Despite all of the foregoing, and despite the many objections lodged by both the defense bar and the plaintiff bar, the rules now provide that a plaintiff must state how much money the plaintiff is seeking in a given suit. Therefore, due to the new amended rules, effective January 1, 2021, and pursuant to TEXAS RULE OF CIVIL PROCEDURE 47(c)(5), Plaintiff hereby states that she is seeking monetary relief of over one million dollars ($1,000,000.00).

7.      Pursuant to Section 15.002(a)(1) of the TEXAS RULE OF CIVIL PROCEDURE, venue is proper in Travis County because it is the county in which all or a substantial part of the events giving rise to the claim occurred.

8.      The court has jurisdiction over Defendants because Defendants conduct business in the State of Texas and the cause of action asserted herein arise out of these contacts.

## E. Facts

9.      This lawsuit results from an injury in an elevator manufactured and maintained by TK Elevator Corporation. This incident occurred in Travis County, Texas on Monday, June 24, 24, 2019 between 12:30 pm to 1:00 pm local time.  On that day, JACQUELINE NELSON-BURKE, Plaintiff, was a guest and business invitee staying at the JW Marriott Austin hotel, 110 E. 2nd Street, Austin, Texas 78701 ("JW Austin") in Room #2319. Plaintiff was attending a work event at the JW Austin entitled Solar Power Texas.

10.     Upon taking care of a package delivery charge in the business office on the 5th Floor of the JW Austin, Plaintiff entered elevator #M3, pressed the number 4, and intended to ride that elevator to the work event on the 4th Floor. Upon do so, the elevator door closing was unusually delayed. Thereafter, the door on elevator #M3 abruptly shut, the car began violently bouncing, and the car's interior lights turned off, including the floor number indication. Plaintiff repeatedly pushed both the "HELP" and "OPEN DOOR" button, but there was no response while the elevator continued to bounce. The elevator then quickly ascended twice causing Plaintiff to lose her footing falling to the floor while attempting to hold onto the car railing. The elevator continued bouncing for almost 5 minutes when Plaintiff heard, over her screams for help, what sounded to be a pre-record message stating "JW Marriott, Please Hold."

11.     While the elevator continued to bounce and violently ascend/descend, a live operator's voice finally came across the intercom of elevator #M3. Plaintiff was holding onto the elevator's railing for dear life when the live operator asked Plaintiff a series of seemingly scripted questions such as: "Hello is there an emergency?. . . Are you stuck in the elevator?. . . Can you open the door? . . . What floor are you on?" Plaintiff responded to all the live operator's questions, and the elevator car finally stopped its violent motions. The elevator's car door then

opened, the elevator floor indicator showed that the car was on the 5th floor with the arrow pointing down, but when Plaintiff stepped out of the elevator, she was actually on the 3rd floor. Plaintiff then sought help from her work colleagues and called for medical assistance. Plaintiff was treated on the scene by EMS and then she was taken to a local hospital for her injuries sustained in this incident.

### F. Negligence of TK Elevator Corporation

12. One who undertakes the control and repair of another's elevators is charged with the duty to exercise ordinary care to maintain the elevators in a condition of reasonable safety for use, whether the undertaking party is operating under a contract with the building owner and/or occupier or not.

13. In this instance, Defendant WHITE LODGING CORPORATION ("WHITE LODGING") was the management company who occupied and operated the overall premises of the JW Austin. A contract existed between Defendant TK ELEVATOR CORPORATION (TK ELEVATOR) and WHITE LODGING whereby TK ELEVATOR agreed to undertake the responsibility of keeping the elevator systems in proper adjustment and safe operating condition for the invitees of the JW Austin.

14. TK ELEVATOR failed to act as a reasonable and prudent elevator maintenance company in that it:

a) Did not properly maintain and repair elevator #M3 at the JW Austin with the result being an elevator malfunction causing the agonizing and unnecessary injuries to Plaintiff.

b) Failed to act as a reasonable and prudent elevator maintenance company in the service and inspection of elevator #M3.

c) Failed to warn plaintiff about the condition of elevator #M3.

15. In addition, the condition of elevator #M3 created an unreasonable risk of harm to Plaintiff and TK ELEVATOR knew of the condition or should have known of the condition. Further pleading, Plaintiff at all times was unaware of the dangerous condition.

16. The functioning of the elevator as experienced by Plaintiff was such that it would not ordinarily occur in the absence of negligence and the instrumentality causing the accident was under control of TK ELEVATOR. But for TK ELEVATOR's failure to properly maintain and service elevator #M3, the incident would not have occurred. The fact that the event occurred gives rise to the presumption that the elevator was not properly serviced and maintained by TK ELEVATOR.

17. Each of the aforementioned negligent acts or omissions of Defendant, TK ELEVATOR CORPORATION, constituted a proximate cause of the incident and of the resulting damages and injuries to Plaintiff.

### G. Negligence of White Lodging Corporation

18. In the abundance of caution, and in the event that TK ELEVATOR claims WHITE LODGING failed to timely notify TK ELEVATOR of the need to inspect, maintain and/or repair elevator #M3, WHITE LODGING failed to act as a reasonable property manager of the premises in which elevator #M3 is located in that it:

a) Failed to properly report problems with elevator #M3 or schedule maintenance with TK ELEVATOR.

b) Failed to act as a reasonable and prudent occupier and manager of the premises in reporting problems with elevator #M3.

c) Failed to report elevator problems to or schedule maintenance with TK ELEVATOR.

19.     In addition, the condition of elevator #M3 created an unreasonable risk of harm to Plaintiff and WHITE LODGING knew of the condition or should have known of the condition. Further pleading, Plaintiff at all times was unaware of the dangerous condition.

21.     Each of the aforementioned negligent acts or omissions of Defendant, WHITE LODGING CORPORATION, constituted a proximate cause of the incident and of the resulting damages and injuries to Plaintiff.

## H. Strict Liability of TK Elevator Corporation

22.     Elevator #M3 was a model TAC 50-04 that was designed, manufactured, assembled, installed and placed into the stream of commerce by TK ELEVATOR. Elevator #M3 possessed defects that rendered it unreasonably dangerous for its reasonable, foreseeable uses.

23.     TK ELEVATOR had a duty to design, manufacture, construct, formulate, develop standards, prepare, process, assemble, install, inspect, test, list, certify, warn, instruct and market the elevator in question in such a safe manner as to avoid causing the serious injuries of Plaintiff or members of the general public.

24.     TK ELEVATOR should be held strictly liable for each of the defects, all of which either singular or concurrently, were the producing or proximate cause of Plaintiff's injuries.

25.     A safer alternative design existed at the time the elevator #M3 was designed, manufactured, marketed, and sold by TK ELEVATOR that would have made the elevator safer. This safer alternative, if incorporated into the elevator, would have prevented or significantly reduced the risk of Plaintiff's injuries, without substantially impairing the product's utility as is evidenced by other elevators currently utilizing the safer alternatives. Furthermore, the safer alternative design was economically and technologically feasible at the time the elevator left the

control of TK ELEVATOR, by the application of existing or reasonably achievable scientific knowledge.

26. Plaintiff, therefore, invokes the Doctrine of Strict Liability, Section 402A, Restatement (Second) of Torts, as adopted by the Supreme Court of Texas.

## I. Damages

27. Plaintiff would show that, as a direct and proximate and/or producing cause of the above-mentioned acts and omissions of the Defendants, she sustained significant personal injuries and damages, including but not limited to the following:

a. Past and future physical pain;

b. Past and future mental anguish;

c. Past and future medical expenses;

d. Past and future lost wages;

e. Past and future physical impairment;

f Past and future disfigurement; and

f. Past and future loss of enjoyment of life.

## J. Interest and Costs

28. Plaintiff seeks the recovery of pre-judgment interest and post-judgment interest as authorized by law. Plaintiff also seeks recovery for all costs of court.

## K. Demand for Jury and Court Reporter

29. Plaintiff demands a trial by jury to resolve all fact issues in this case and tenders the appropriate fee. Plaintiff respectfully requests that a court reporter attend all sessions of court in connection with this case, and that the court reporter take full notes of the voir dire, all testimony offered, together with any and all.

## L. Designated E-Service E-Mail Address

30.     The following is the undersigned attorney's designated-Service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Texas Rules of Civil Procedure 21(f)(2) & 21(a): wrossick@carlsonattorneys.com. This is the undersigned's only E-Service e-mail address, and service through any other e-mail address will be consider invalid.

## M. Conditions Precedent

31.     All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## N. Conclusion and Prayer for Relief

32.     For these reasons, Plaintiff respectfully requests that this Honorable Court issue citation for Defendants to appear and answer and that, upon a final trial of this cause, Plaintiff be granted a judgment against Defendants, jointly and/or severally, for the following:

a.     Actual damages as alleged herein and/or proven at trial;

b.     Pre-judgment interest from the date of injury through the date of judgment, at the maximum rate allowed by law;

c.     Post-judgment interest at the maximum rate allowed by law;

d.     Costs of court; and

e.     Any and all such other and further relief, whether in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE CARLSON LAW FIRM, P.C.**
11606 North Interstate Highway 35
Austin, TX 78753
Phone: (512) 346-5688
Fax:    (512) 719-4362


William G. Rossick
Texas Bar No. 00789597
wrossick@carlsonattorneys.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

William Rossick on behalf of William Rossick
Bar No. 789597
wrossick@carlsonattorneys.com
Envelope ID: 54093392
Status as of 6/7/2021 5:28 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos Rodriguez | | crodriguez@carlsonattorneys.com | 6/4/2021 8:25:40 AM | SENT |
| Monica Nguyen | | mnguyen@carlsonattorneys.com | 6/4/2021 8:25:40 AM | SENT |

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-21-002622**

JACQUELINE NELSON-BURKE

, Plaintiff

vs.

TK ELEVATOR CORPORATION FKA THYSSENKRUPP ELEVATOR CORPORATION AND WHITE LODGING
CORPORATION

, Defendant

TO:   TK ELEVATOR CORPORATION
      F/K/A THYSSENKRUPP ELEVATOR CORPORATION
      BY SERVING ITS REGISTERED AGENT THE PRENTICE- HALL CORPORATI
      ON SYSTEM 211 E 7TH ST STE 620
      AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default
judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the
other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out
more at TexasLawHelp.org."**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF  in the above styled and numbered cause, which was filed on JUNE
4,2021 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, June 07, 2021.

REQUESTED BY:
WILLIAM G. ROSSICK
11606 N INTERSTATE 35
AUSTIN, TX 78753
BUSINESS PHONE: (512)346-5688   FAX:(512)719-4362

Velva L. Price
**Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701**

PREPARED BY: VICTORIA BENAVIDES

- - - - - - - - - - **R E T U R N** - - - - - - - - - - -

Came to hand on the _____ day of _____; _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day of
_____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a true copy of this citation
together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading
and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-21-002622                             SERVICE FEE NOT PAID                              P01 - 000107478

# CITATION

## THE STATE OF TEXAS

### CAUSE NO. D-1-GN-21-002622

JACQUELINE NELSON-BURKE

, Plaintiff

vs.

TK ELEVATOR CORPORATION FKA THYSSENKRUPP ELEVATOR CORPORATION AND WHITE LODGING CORPORATION

, Defendant

TO:   WHITE LODGING SERVICES CORPORATION
BY SERVING THROUGH ITS REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
AUSTIN, TEXAS 75201-3136

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JUNE 4, 2021 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, June 07, 2021.

REQUESTED BY:
WILLIAM G. ROSSICK
11606 N INTERSTATE 35
AUSTIN, TX 78753
BUSINESS PHONE: (512) 346-5688   FAX: (512) 719-4362

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: VICTORIA BENAVIDES

- - - - - - - - - - **RETURN** - - - - - - - - - -

Came to hand on the **7** day of **JUNE**, **2021** at **703** o'clock **P** M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____ M.,

by delivering to the within named **_____**, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: _____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-21-002622        SERVICE FEE NOT PAID        PP1: 000107479
*By U.S.P.S. 7020-1810-0000-1410-5066, mailed on 6-8-2021 RRR

CAUSE NO. D-1-GN-21-002622

| | | |
|---|---|---|
| JACQUELINE NELSON-BURKE | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | |
| TK ELEVATOR CORPORATION f.k.a. | § | of TRAVIS COUNTY, TEXAS |
| THYSSENKRUPP ELEVATOR | § | |
| CORPORATION and, | § | |
| WHITE LODGING CORPORATION | § | |
| *Defendants* | § | 200TH  JUDICIAL DISTRICT |

**RETURN**

Came to hand on the 7th day of June 2021, at 7:03 p.m.:

Citation, with Plaintiff's Original Petition, and Lawyer Referral Service form.

Executed on the 8th day of June 2021, at 2:10 p.m. at 211 E. 7th Street, Ste. 620, Austin, Texas 78701, within the County of Travis, by delivering to the within named Defendant TK ELEVATOR CORPORATION F/K/A THYSSENKRUPP ELEVATOR CORPORATION by delivering to its Registered Agent, PRENTICE-HALL CORPORATION SYSTEM, by delivering in person to Jim Herriman, employee designated to receive process for the registered agent, a true and correct copy of the above specified civil process, having first endorsed thereupon the came to hand date and time and the date of delivery.

My name is Tod E. Pendergrass. My date of birth is December 2, 1964. My address is 516 West Annie, Austin, Texas 78704, United States of America. I am over eighteen (18) years of age and not a party to or interested in the outcome of this case. I am certified to serve Texas civil court process by the JBCC under Order of the Texas Supreme Court, Certification No. PSC1660, Exp. 11/30/21. I am personally acquainted with the facts stated herein and declare under penalty of perjury that the foregoing is true and correct.

This Return was executed in Travis County, Texas, U.S.A., on June 8, 2021.


____Tod E. Pendergrass____
Printed Name

_____
Declarant (signature)
Re:  Carlson/9032-1


Service Fee $ 80.00


**DRLS**
516 West Annie St.
Austin, Texas 78704

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Monica Nguyen on behalf of William Rossick
Bar No. 789597
mnguyen@carlsonattorneys.com
Envelope ID: 54233713
Status as of 6/9/2021 11:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlos Rodriguez | | crodriguez@carlsonattorneys.com | 6/9/2021 8:38:09 AM | SENT |
| Monica Nguyen | | mnguyen@carlsonattorneys.com | 6/9/2021 8:38:09 AM | SENT |
| William Rossick | | wrossick@carlsonattorneys.com | 6/9/2021 8:38:09 AM | SENT |

6/15/2021 8:24 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-002622
Norma Ybarra

CAUSE NO. D-1-GN-21-002622

| JACQUELINE NELSON-BURKE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| TK ELEVATOR CORPORATION f.k.a. | § | of TRAVIS COUNTY, TEXAS |
| THYSSENKRUPP ELEVATOR | § | |
| CORPORATION and. | § | |
| WHITE LODGING CORPORATION | § | |
| *Defendants* | § | 200TH JUDICIAL DISTRICT |

## RETURN

Came to hand on the 7th day of June 2021, at 7:03 p.m. - Citation, with Plaintiff's Original Petition, and Lawyer Referral Service form. Executed on the 10th day of June 2021, at 9:29 a.m., at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201, within the County of Dallas, by delivering to the within named Defendant WHITE LODGING SERVICES CORPORATION by delivering to its Registered Agent, CT Corporation System, by delivering to its employee/agent, via U.S.P.S. Certified Mail, return receipt requested, a true copy of the above specified civil process, having first endorsed thereupon the came to hand date and time and the date mailed (return receipt affixed below.) My name is Tod E. Pendergrass. My date of birth is December 2, 1964. My address is 516 West Annie, Austin, Texas 78704, United States of America. I am over eighteen (18) years of age and not a party to or interested in the outcome of this case. I am certified to serve Texas civil court process by the JBCC under order of the Texas Supreme Court, Certification No. PSC1660, Exp. 11/30/21. I am personally acquainted with the facts stated herein and declare under penalty of perjury that the foregoing is true and correct. This Return was executed in Travis County, Texas, U.S.A., on June 14th, 2021.

_____Tod E. Pendergrass_____
Printed Name          Service Fee $ 88.00          Declarant (signature) Re: Carlson/9032-2

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ □ Agent / □ Addressee <br> B. Received by (Printed Name) LaToya Sterns   C. Date of Delivery JUN 10 202 |
| 1. Article Addressed to: <br><br> White Lodging Services Corporation <br> c/o Its Registered Agent <br> C.T. Corporation System <br> 1999 Bryan Street, Suite 900 <br> Dallas, Texas 75201-3136 | D. Is delivery address different from item 1?  □ Yes <br> If YES, enter delivery address below:  □ No |
| 9590 9402 3028 7124 0460 70 | 3. Service Type <br> □ Adult Signature <br> □ Adult Signature Restricted Delivery <br> ☑ Certified Mail® <br> □ Certified Mail Restricted Delivery <br> □ Collect on Delivery <br> □ Collect on Delivery Restricted Delivery <br> □ Insured Mail <br> □ Insured Mail Restricted Delivery (over $500) | □ Priority Mail Express® <br> □ Registered Mail™ <br> □ Registered Mail Restricted Delivery <br> Return Receipt for merchandise <br> □ Signature Confirmation™ <br> □ Signature Confirmation Restricted Delivery |
| 7020 1810 0000 1410 5066 <br> 9032-2 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

**DRLS**
516 West Annie St.
Austin, Texas 78704

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Monica Nguyen on behalf of William Rossick
Bar No. 789597
mnguyen@carlsonattorneys.com
Envelope ID: 54409661
Status as of 6/15/2021 3:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos Rodriguez | | crodriguez@carlsonattorneys.com | 6/15/2021 8:24:47 AM | SENT |
| Monica Nguyen | | mnguyen@carlsonattorneys.com | 6/15/2021 8:24:47 AM | SENT |

Associated Case Party: Jacqueline Nelson-Burke

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| William Rossick | | wrossick@carlsonattorneys.com | 6/15/2021 8:24:47 AM | SENT |

6/23/2021 4:43 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-21-002622**
**Nancy Rodriguez**

## CAUSE NO. D-1-GN-21-002622

| | | |
|---|---|---|
| JACQUELINE NELSON-BURKE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| TK ELEVATOR CORPORATION F.K.A. | § | |
| THYSSENKRUPP ELEVATOR | § | |
| CORPORATION AND, WHITE LODGING | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | 200TH JUDICIAL DISTRICT |

## DEFENDANT WHITE LODGING CORPORATION'S ORIGINAL ANSWER, JURY DEMAND AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, White Lodging Corporation ("Defendant") and files this its Original Answer, Jury Demand and Request for Disclosure to Plaintiffs' Original Petition and would respectfully show:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### JURY DEMAND

Defendant demand a jury trial.

### III.
### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose, within thirty (30) days of service of this request, the information described in Rule 194.2(a)–(l).

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant White Lodging Corporation prays that upon final trial and hearing hereof, Plaintiff recover nothing from Defendant, but Defendant go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By: ____/s/ David A. McFarland_____
       David A. McFarland
       State Bar No. 00791223
       Timothy E. Headley
       State Bar No. 24007334

**THOMPSON, COE, COUSINS, & IRONS, LLP**
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: dmcfarland@thompsoncoe.com
Email: theadley@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
WHITE LODGING CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that on the 23rd day of June, 2021, a true and correct copy of the foregoing was served on all counsel of record by electronic notice and/or certified mail return receipt requested:

William G. Rossick
THE CARLSON LAW FIRM, P.C.
11606 North Interstate Highway 35
Austin, TX 78753
Phone: (512) 346-5688
Fax: (512) 719-4362
Email: wrossick@carlsonattorneys.com
**Counsel for Plaintiff**

/s/ *Tim Headley*
David McFarland
Tim Headley

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrea Wilson on behalf of David McFarland
Bar No. 00791223
awilson@thompsoncoe.com
Envelope ID: 54721582
Status as of 6/24/2021 10:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos Rodriguez | | crodriguez@carlsonattorneys.com | 6/23/2021 4:43:56 PM | SENT |
| Monica Nguyen | | mnguyen@carlsonattorneys.com | 6/23/2021 4:43:56 PM | SENT |
| David McFarland | | dmcfarland@thompsoncoe.com | 6/23/2021 4:43:56 PM | SENT |
| Dora Kline | | dkline@thompsoncoe.com | 6/23/2021 4:43:56 PM | SENT |
| Andrea Wilson | | awilson@thompsoncoe.com | 6/23/2021 4:43:56 PM | SENT |
| Timothy EHeadley | | theadley@thompsoncoe.com | 6/23/2021 4:43:56 PM | SENT |
| Victoria Borunda | | vborunda@thompsoncoe.com | 6/23/2021 4:43:56 PM | SENT |

Associated Case Party: Jacqueline Nelson-Burke

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| William Rossick | | wrossick@carlsonattorneys.com | 6/23/2021 4:43:56 PM | SENT |

7/6/2021 6:02 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-21-002622**
**Nancy Rodriguez**

CAUSE NO. D-1-GN-21-002622

| | | |
|---|---|---|
| JACQUELINE NELSON-BURKE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 200TH JUDICIAL DISTRICT |
| | § | |
| TK ELEVATOR CORPORATION f.k.a. | § | |
| THYSSENKRUPP ELEVATOR | § | |
| CORPORATION, and | § | |
| WHITE LODGING CORPORATION, | § | |
| | § | |
| *Defendants.* | § | TRAVIS COUNTY, TEXAS |

---

## DEFENDANT TK ELEVATOR CORPORATION F.K.A. THYSSENKRUPP ELEVATOR CORPORATION'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

---

COMES NOW, TK Elevator Corporation, formerly known as ThyssenKrupp Elevator Corporation ("TKE" or "Defendant"), and files this, its Original Answer to Plaintiff's Original Petition as follows:

### I.
### GENERAL DENIAL

1.      Defendant denies each and every allegation set forth in Plaintiff's Original Petition and demands strict proof thereof.

### II.
### AFFIRMATIVE DEFENSES

2.      As permitted by Rule 94 of the Texas Rules of Civil Procedure and if the same should be necessary, Defendant asserts the following by way of affirmative defenses as to the claims and causes of action which Plaintiffs have alleged in this suit:

---

## PRE-EXISTING CONDITIONS

a.      Defendant asserts that the injuries, conditions and/or damages allegedly sustained by Plaintiff herein were pre-existing and/or caused, in whole or in part, by prior or subsequent medical problems, injuries, conditions or other events involving or pertaining to the claimant for which this Defendant is not legally responsible.

## SUBSEQUENT EVENT, CONDITION AND/OR INJURIES

b.      Defendant asserts that Plaintiff's injuries and damages, if any, in whole or in part were caused by or due to events, accidents, collisions, conditions or incidents, physical, medical and/or mental which occurred after and subsequent to the incident, accident, event or occurrence made the basis of this suit.

## INTERVENING, SUPERSEDING OR NEW AND INDEPENDENT CAUSE

c.      Defendant further asserts that, in the unlikely event that Plaintiff proves that she sustained injuries or incurred damages as they have alleged, that these damages or injuries were caused, in whole or in part, by the acts or omissions of persons or parties other than the Defendant and therefore were caused by events and persons or parties which constitute a preceding cause, new and independent cause, intervening cause and/or superseding cause of the incident made the basis of this suit and thus, Plaintiff's alleged injuries and damages.

## SOLE PROXIMATE CAUSE

d.      Defendant further asserts, if same be necessary, that a proximate cause and/or producing cause, or, in the alternative, the sole proximate cause or the producing cause of Plaintiff's damages, if any, was the negligence of Plaintiff and/or the conduct of other persons or entities not controlled by or the responsibility of Defendant.

## CHAPTER 33 PERCENTAGE REDUCTION, CREDIT, AND/OR OFFSET

e.     Defendant further asserts its rights pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code to pursue a percentage reduction, monetary credit, offset or relief provided under the laws of Texas in the event of any settlement agreements between parties/persons/alleged tortfeasors involved in this suit, as well as responsible third parties. Defendant further asserts its rights to a consideration by the Court and Jury of the relative damages and conduct of the parties and all tortfeasors and accord Defendant the full benefit of Chapter 33 and its subparts. Defendant is entitled to a percentage reduction based upon a determination of the relative fault of all persons, entities and any party joint tortfeasors.

f.     Defendant asserts that it is entitled to an offset for any amount paid to or received by Plaintiff relating to each of her claims. At the final trial, Defendant requests that any such amount be offset from any judgment rendered.

## FAILURE TO MITIGATE

g.     Defendant asserts that Plaintiff failed to mitigate her damages as required by law. Defendant asserts that Plaintiff failed to mitigate damages, by among other things, failing to follow medical providers' advice and instructions regarding treatment and in failing to continue working and/or failing to accept employment after the alleged incident.

## TOLLING OF PREJUDGMENT INTEREST

h.     Defendant affirmatively invokes the provisions of Chapter 304 of the Texas Finance Code, Chapter 41 of the Texas Civil Practice and Remedies Code, and the Texas common law regarding limitations and restrictions on the recovery of prejudgment interest.

i.     Pleading further, Defendant further asserts that Plaintiff's claims for prejudgment interest are limited by sections 304.105 and 304.108 of the Texas Finance Code, which specifically

provides that prejudgment interest may be tolled during periods in which settlement offers may be accepted and periods of trial delay. *See* Tex. Fin. Code §§ 304.105 and 304.108.

## CHAPTER 41- RECOVERY OF MEDICAL EXPENSES INCURRED

j.      Defendant asserts Texas Civil Practice and Remedies Code §41.0105 limiting Plaintiff's recovery of medical and/or health care expenses incurred to the amount actually paid or incurred by or on behalf of the claimants. Alternatively, Defendant is entitled to a credit against any medical expense damage award for amounts not charged to or actually incurred by the claimant, amounts written off or discounted, or in an amount equal to the difference between the total charges and the sum that was paid and accepted as payment in full or which will be paid and accepted as payment in full as the evidence may show. Defendant would show the Plaintiff's allegations for medical expenses are limited to those expenses actually paid or incurred by the Plaintiff.

## NET LOSS

k.      Defendant pleads by way of affirmative defense that any evidence of lost earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance be submitted in the form of a net loss after reduction for income tax payments and unpaid tax liability pursuant to §18.0901 of the Texas Civil Practice & Remedies Code. Pleading further, Defendant requests that this Court instruct the jury as to whether any recovery is subject to federal or state income taxes.

l.      Pleading further, Defendant asserts Texas Civil Practice and Remedies Code §18.091 limiting evidence of Plaintiff's loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance to the net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

m.     Defendant specifically denies that the conditions precedent to bringing this suit for negligence, strict liability, or otherwise have been performed, waived, or otherwise satisfied.

## III.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED

3.     Notice is hereby given that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff's production of documents and items in response to Requests for Production and other discovery requests in this case authenticates the documents for use against Plaintiff in this case. Defendant further hereby gives notice of intent to utilize any and all such items produced by Plaintiff or others in discovery in the trial of this matter.

## IV.
## REQUIRED INITIAL DISCLOSURES

4.     Plaintiff is required to provide the information and materials set forth in Texas Rule of Civil Procedure 194.2 on or before 30 days after the filing of the first answer or general appearance by a Defendant in this case.

## V.
## PRAYER

WHEREFORE, Defendant TK Elevator Corporation, formerly known as ThyssenKrupp Elevator Corporation, prays that Plaintiff take nothing by her suit, that Defendant be dismissed with its costs, and for such other and further relief to which Defendant may show itself justly entitled both at law and in equity.

Respectfully Submitted,

**MAYER LLP**

By: _____

Alan L. Rucker
SBN 00788330
arucker@mayerllp.com
Travis Cox
SBN 24096279
tcox@mayerllp.com
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 379-6900 Telephone
(214) 379-6939 Facsimile
**ATTORNEYS FOR DEFENDANT
THYSSENKRUPP ELEVATOR
CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July 2021, a true and correct copy of the foregoing instrument was forwarded via electronic service to all counsel of record:

**VIA E-SERVICE**
William G. Rossick
wrossick@carlsonattorneys.com
THE CARLSON LAW FIRM, P.C.
11606 North Interstate Highway 35
Austin, TX 78753
**ATTORNEY FOR PLAINTIFF**

**VIA E-SERVICE**
David A. McFarland
dmcfarland@thompsoncoe.com
Tim Headley
theadley@thompsoncoe.com
THOMPSON COE COUSINS & IRONS, LLP
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
**ATTORNEYS FOR DEFENDANT**
**WHITE LODGING CORPORATION**

Alan. L. Rucker

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Candy Arnold on behalf of Alan Lawrence Rucker
Bar No. 788330
carnold@mayerllp.com
Envelope ID: 55089530
Status as of 7/7/2021 9:03 AM CST

Associated Case Party: Jacqueline Nelson-Burke

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| William Rossick | | wrossick@carlsonattorneys.com | 7/6/2021 6:02:10 PM | SENT |

Associated Case Party: TK Elevator Corporation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Candy Langlinais | | CLanglinais@mayerllp.com | 7/6/2021 6:02:10 PM | SENT |
| Alan Rucker | | arucker@mayerllp.com | 7/6/2021 6:02:10 PM | SENT |
| Kim Bratcher | | kbratcher@mayerllp.com | 7/6/2021 6:02:10 PM | SENT |
| Travis Cox | | tcox@mayerllp.com | 7/6/2021 6:02:10 PM | SENT |
| Susan Lokash | | slokash@mayerllp.com | 7/6/2021 6:02:10 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos Rodriguez | | crodriguez@carlsonattorneys.com | 7/6/2021 6:02:10 PM | SENT |
| Monica Nguyen | | mnguyen@carlsonattorneys.com | 7/6/2021 6:02:10 PM | SENT |

Associated Case Party: White Lodging Services Corporation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Timothy EHeadley | | theadley@thompsoncoe.com | 7/6/2021 6:02:10 PM | SENT |
| David McFarland | | dmcfarland@thompsoncoe.com | 7/6/2021 6:02:10 PM | SENT |
| Victoria Borunda | | vborunda@thompsoncoe.com | 7/6/2021 6:02:10 PM | SENT |
| Dora Kline | | dkline@thompsoncoe.com | 7/6/2021 6:02:10 PM | SENT |
| Andrea Wilson | | awilson@thompsoncoe.com | 7/6/2021 6:02:10 PM | SENT |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

JACQUELINE NELSON-BURKE,            §
    *Plaintiff,*              §
                        §
                        §
v.                                  §
                        §   CIVIL ACTION NO.:

TK ELEVATOR CORPORATION F.K.A.      §
THYSSENKRUPP ELEVATOR               §
CORPORATION AND, WHITE LODGING      §
CORPORATION,                        §
                        §
    *Defendant.*              §

---

## DESIGNATION OF COUNSEL

---

Plaintiff Jacqueline Nelson-Burke is represented by:

> William G. Rossick
> Texas Bar No. 00789597
> The Carlson Law Firm, P.C.
> 11606 North Interstate Highway 35
> Austin, Texas 78753
> Phone: (512) 346-5688
> Fax: (512) 719-4362
> Email: wrossick@carlsonattorneys.com

Defendant White Lodging Corporation is represented by:

> David A. McFarland
> Texas State Bar No. 00791223
> Tim Headley
> Texas State Bar No. 24007334
> Thompson Coe Cousins & Irons, L.L.P.
> 700 N. Pearl Street, 25th Floor
> Dallas, Texas 75201
> Telephone: (214) 871-8200
> Fax: (214) 871-8209
> Email: dmcfarland@thompsoncoe.com
> Email: theadley@thompsoncoe.com



**EXHIBIT**
**C**

Defendant TK Elevator Corporation F.K.A. Thyssenkrupp Elevator is represented by:

Alan L. Rucker
Texas State Bar No. 00791223
Mayer LLP
740 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
Fax: (214) 379-6939
arucker@mayerllp.com